967 F.2d 584
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert Lee CASH, Petitioner-Appellant,
v.
Robert BORG, Warden; Attorney General of the State of
California, Respondents-Appellees.
 No. 90-56078.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 1, 1992.*
Decided June 11, 1992.
 
 1
 Before D.W. NELSON and DAVID R. THOMPSON, Circuit Judges, and PANNER, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Robert Lee Cash, a California state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition. He contends the evidence introduced at his state court trial was insufficient to support his conviction of second degree murder and the trial court erred in refusing to give a defense-requested jury instruction regarding robbery and the felony murder rule. We have jurisdiction under 28 U.S.C. § 2253, following the issuance of a certificate of probable cause by this court. We affirm.
 
 
 4
 We review a district court's decision to deny a petition for habeas corpus de novo. Barker v. Estelle, 913 F.2d 1433, 1437 (9th Cir.1990), cert. denied, 111 S.Ct. 2060 (1991). For insufficiency of the evidence to be grounds for reversal, Cash must show that, viewing the evidence in the light most favorable to the government, no rational trier of fact could have found him guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 5
 There was ample evidence in the record to support Cash's conviction of second degree murder as an aider and abettor. Cash and others were seen chasing the victim down the middle of the street, where they caught him and began knifing and beating him. Cash was identified at trial as one of the persons hitting the victim and going through his pockets. From this evidence, it could be inferred beyond a reasonable doubt that Cash knowingly and intentionally aided and abetted the murder. See People v. Beeman, 199 Cal.Rptr. 60, 61 (1984) (aider and abettor must act with knowledge of the unlawful purpose of the perpetrator and the intent or purpose of committing, encouraging or facilitating the commission of the offense).
 
 
 6
 In collateral proceedings involving erroneous jury instructions, the inquiry is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." Cupp v. Naughten, 414 U.S. 141, 147 (1973).
 
 
 7
 The refused instructions had to do with the requirement that the intent to steal must arise before, or coincide with, the homicide, and if it is a separate act from the killing, arising after the homicide, it is not robbery and the felony murder rule does not apply. At trial, the jury was given a special instruction outlining the distinction between robbery and grand theft person, which made clear that if the intent to steal did not arise until after force had been used, the taking was merely a theft. They were also instructed that Cash could only be found guilty of felony murder if the killing occurred during the commission or attempted commission of robbery.
 
 
 8
 Cash is not entitled to federal habeas corpus relief because the instructions given by the trial court adequately defined each crime, explained the difference between robbery and grand theft and made clear the circumstances under which the felony murder rule applied. See United States v. Mason, 902 F.2d 1434, 1438 (9th Cir.1990) (it is not reversible error to refuse to give a jury instruction if the instructions given adequately cover the defense theory).
 
 
 9
 In any event, Cash's petition has no merit because he was not found guilty of felony murder or robbery, but rather of murder in the second degree and grand theft person. Without a reasonable likelihood that a jury has applied a challenged instruction in a way that violates the Constitution, Cash's due process rights have not been violated. See Estelle v. McQuire, 112 S.Ct. at 475, 482 (1992).
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Owen M. Panner, United States District Court Judge for the District of Oregon, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3